1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard Morin (SBN 285275)

Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Samuel Steyer,

               Plaintiff,

     v.

Uber Technologies, Inc.,

               Defendant.

Case No.

**COMPLAINT FOR DAMAGES AND**
**INJUNCTIVE RELIEF**

**Jury Trial Demanded**

      Plaintiff Samuel Steyer ("Plaintiff") alleges the following:

**INTRODUCTION**

      Plaintiff brings this action against Defendant Uber Technologies, Inc. ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability, denying Plaintiff full and equal access to its services, specifically its ride-sharing and/or ride-hailing service ("Uber App").

**PARTIES**

    1.    Plaintiff is a natural person. Plaintiff is and has been considered disabled.

    2.    Defendant is a Delaware Corporation with its principal place of business in San Francisco, California. At all times relevant, Defendant has done and did business in California.

    3.    Defendant owns and operates the ride-sharing and/or ride-hailing mobile application and service Uber App also known simply as Uber.

//

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

5.      Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

7.      Plaintiff is disabled.

8.      Plaintiff suffers from anxiety and post-traumatic stress disorder (PTSD).

9.      Plaintiff's symptoms substantially limit at least one of his major life activities.

10.      Plaintiff utilizes a trained service dog to help ameliorate the symptoms of Plaintiff's disabilities. Plaintiff's service dog is specifically trained to detect the signs of anxiety and PTSD; summon help when Plaintiff is in distress; calm Plaintiff through distraction techniques; alert Plaintiff to the presence of triggers; and interrupt self-destructive behaviors.

11.      In the early morning hours of July 10, 2023, Plaintiff needed a ride to the airport with his service dog. Plaintiff was located in Sacramento at this time.

12.      Defendant's Uber App allows customers, such as Plaintiff, to book transportation that it provides in exchange for payment.

13.      Plaintiff summoned one of Defendant's Uber vehicles using his smartphone.

14.      Upon arriving to pick up Plaintiff, Defendant's driver noticed Plaintiff's service dog and told Plaintiff that he could not enter the vehicle with his dog.

15.      Subsequently, Defendant's driver slightly relented, but demanded that Plaintiff produce paperwork for his service dog before allowing Plaintiff into the vehicle.

16.      Even though Plaintiff is not required to produce any paperwork for his service dog in a public setting, Plaintiff urgently needed to get to the airport. Plaintiff relented and showed Defendant's

LAW OFFICE OF
RICK MORIN

driver some paperwork related to his service animal. Upon seeing the paperwork, Defendant's driver reluctantly allowed Plaintiff into the vehicle and commenced the ride to the airport.

17.     Because it was clear that Defendant's driver needed to be educated about disabled access laws, Plaintiff began to read to Defendant's driver relevant information he found online regarding ADA access and service animals.

18.     Unfortunately, Defendant's driver became irate and combative and would not listen to Plaintiff. Ultimately, Defendant's driver pulled over to the side of the road, canceled the ride, and unceremoniously kicked Plaintiff and his service dog out of the vehicle. Plaintiff attempted to reason with Defendant's driver, but Defendant's driver told him that he was not required to provide a ride to Plaintiff because of the presence of Plaintiff's service dog, and proceeded to leave Plaintiff and his service dog stranded.

19.     Plaintiff then had to scramble to find alternative transportation to get to the airport in time to catch his flight. The whole ordeal added a significant amount of stress and anxiety to what was already a stressful travel situation.

20.     At all relevant times, Plaintiff's service dog was wearing a collar identifying the dog as a service animal and had a plastic ID card.

21.     Plaintiff often uses the services of ride sharing / ride hailing services such as the Uber App and would like to do so in the future once Defendant ensures that its drivers do not discriminate against disabled individuals utilizing service dogs.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

22.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

23.     Title III of the ADA bans disability discrimination against disabled individuals.

24.     The Uber App affects commerce.

25.     The Uber App provides transportation by conveyance (other than by aircraft) that provides the general public with general or special service on a regular and continuing basis.

26. The Uber App is a public accommodation.

27. Defendant accepts, solicits, advertises, and/or offers the Uber App to the public.

28. Defendant, via the Uber App, is primarily engaged in the business of transporting people.

29. Defendant's Uber App is a system of providing transportation of individuals by a vehicle.

30. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

31. The ADA prohibits, among other types of discrimination, failure of a private entity operate a demand responsive system so that such system ensures a level of service to individuals with disabilities equivalent to the level of service provided to individuals without disabilities.

32. The ADA prohibits discrimination against persons on the basis of disability in the full and equal enjoyment of public transportation services provided by a private entity,

33. Defendant has a policy that restricts and denies access to persons like Plaintiff.

34. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the Uber App.

35. As a result of Defendant's conduct, denying Plaintiff equal access to the Uber App, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Uber App.

36. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Uber App.

37. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

38. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who

is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Uber App, in light of Defendant's conduct.

39. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

40. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

41. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

42. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Uber App.

43. Uber App is a business establishment.

44. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

45. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

46. Plaintiff was harmed.

47. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

48. Defendant's conduct violated the ADA.

49.     As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

50.     Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1.     Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when using the Uber App, including, specifically, enjoining its policy of denying access to persons with service animals access to the Uber App without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a user with a service animal and/or other such injunctive relief as the deems appropriate;

2.     Damages of no less than $55,000;

3.     Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4.     Other relief that the court deems appropriate.

Dated: July 31, 2023                                  Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff